24 F.3d 249
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robert TAYLOR, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70489.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 13, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Taylor, a native and citizen of Canada, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of Taylor's request for a waiver of deportation under section 212(c), 8 U.S.C. Sec. 1182(c). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a. We deny the petition.
 
 
 3
 Section 212(c) permits the Attorney General to grant discretionary relief from deportation to lawful permanent residents who meet the statute's seven year residence requirement. See 8 U.S.C. Sec. 1182(c). In deciding whether to grant section 212(c) relief, the IJ must balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented on his behalf. Yepes-Prado v. INS, 10 F.3d 1363, 1365-66 (9th Cir.1993).[1] In certain cases, the favorable factors must amount to "unusual or outstanding equities." Ayala-Chavez v. INS, 944 F.2d 638, 641 (9th Cir.1991). "A single serious crime or a pattern of misconduct can trigger a need to make this showing." Paredes-Urrestarazu v. INS, No. 91-70143, slip op. 3973, 3981 (9th Cir. Apr. 25, 1994). The existence of outstanding equities, however, does not compel a favorable exercise of discretion. Yepes-Prado, 10 F.3d at 1366.
 
 
 4
 We review the agency's factual conclusions under the substantial evidence standard, and the balancing of the equities for abuse of discretion. Id. The agency abuses its discretion if it fails to state reasons and show proper consideration of all the factors when weighing equities and denying relief. Id. Where the BIA fails to perform an independent review of the IJ's decision, we are required to review the IJ's decision for abuse of discretion. Id. at 1367.
 
 
 5
 Here, the BIA merely deferred to the IJ's exercise of his discretion.[2] Thus, we review the IJ's decision for abuse of discretion. See id.
 
 
 6
 Taylor contends that the IJ incorrectly determined that his criminal conduct was serious enough to require a showing of unusual or outstanding equities. This contention lacks merit.
 
 
 7
 On August 25, 1989, Taylor pleaded guilty to three counts of child molestation, including oral copulation with a minor and lewd and lascivious acts upon a child under the age of fourteen. He served three and one half months of a six months sentence and was placed on supervised probation for five years. Based on Taylor's criminal record for assaulting minors, the IJ did not abuse his discretion by requiring Taylor to demonstrate unusual or outstanding equities in order to qualify for relief from deportation. See Paredes-Urrestarazu, No. 91-79143, slip op. at 3981; Ayala-Chavez, 944 F.2d at 641.
 
 
 8
 Taylor also contends that the IJ failed to properly consider all the favorable factors in his case. Specifically, Taylor contends that the IJ failed to consider the hardship to his family and his eligibility for citizenship pursuant to section 329 of the Immigration and Nationality Act, 8 U.S.C. Sec. 1440. This contention lacks merit.
 
 
 9
 The record indicates that the IJ properly considered all the factors presented in Taylor's case. In Taylor's favor, the IJ noted Taylor's family ties in the United States, including his United States citizen wife and two citizen children, his 27-year residence in the United States, his military service during the Vietnam War, and the fact that Taylor graduated from college in the United States, has maintained steady employment, and owns his own home. In considering Taylor's rehabilitation, the IJ noted that Taylor has made substantial steps toward rehabilitation by seeking counselling for his "sexual addiction." The IJ, however, was sceptical about Taylor's sincerity in seeking counselling.[3] Finally, the IJ discussed the hardship to Taylor's wife and children. The IJ found that although it would be difficult for them if Taylor were deported to Canada, the hardship would not be extreme because it appeared that his family would accompany him to Canada.
 
 
 10
 The IJ found that these factors amounted to outstanding equities, but concluded that they did not outweigh the seriousness of Taylor's criminal conduct. Although the IJ did not explicitly discuss the hardship to Taylor's parents, it is apparent from the record that the IJ considered this factor.[4] Further, we find no error in the IJ's failure to consider Taylor's eligibility for naturalization under section 329 because Taylor did not raise this issue in the proceedings before the IJ. Moreover, subsequent proceedings indicate that Taylor is not eligible for citizenship under section 329 because he failed to demonstrate good moral character. Taylor v. INS, No. 92-56481 (June 25, 1993).[5]
 
 
 11
 Because the IJ's decision states his reasons for denying relief and shows a proper consideration of all the factors, the IJ did not abuse his discretion by denying Taylor's request for section 212(c) relief. See Yepes-Prado, 10 F.3d at 1367. Accordingly, we deny the petition for review.
 
 
 12
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Taylor's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The BIA has enumerated several factors to be considered in determining whether or not to grant section 212(c) relief. Favorable considerations include: 1) family ties in the United States; 2) residence of long duration (particularly when residence began at a young age); 3) hardship to the petitioner or petitioner's family if relief is not granted; 4) service in the United States armed forces; 5) a history of employment; 6) the existence of business or property ties; 7) evidence of value and service to the community; 8) proof of rehabilitation where a criminal record exists; 9) other evidence attesting to good character. Yepes-Prado, 10 F.3d at 1366. Adverse factors include: 1) the nature and underlying circumstances of the exclusion or deportation ground at issue; 2) additional violations of the immigration laws; 3) the existence, seriousness, and recency of any criminal record; 4) other evidence of bad character of or other undesirability of the applicant as a permanent resident. Id
 
 
 [2]
 In its decision, the BIA stated:
 We have reviewed the record of proceedings, the immigration judge's decision, and the respondents contentions on appeal. As we find that the immigration judge adequately and correctly addressed the issues of the respondent's eligibility for a waiver of inadmissibility, his comprehensive and well-reasoned decision is affirmed based upon and for the reasons set forth in that decision.
 
 
 [3]
 The IJ noted that there was testimony on the record that Taylor's condition was apparent for a substantial period of time, yet he failed to seek help until approximately one month before his criminal proceeding
 
 
 [4]
 Taylor's father testified at the deportation proceeding that he had a nervous breakdown after he learned of his son's criminal activity and that he has become more dependant on him as a result. He added that if Taylor were to be deported he would have to find someone else to help him and his wife get around. Taylor's father also testified that he and his wife support themselves through social security
 
 
 [5]
 After the IJ denied his request for a waiver of deportation, Taylor petitioned for naturalization under section 329. The district court denied the petition on September 29, 1992 because Taylor failed to show good moral character. We affirmed the district court's decision on June 25, 1993